## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | NO. 13 B 15457 |
| FRANK DEJULIO and, ) | |
| CONNIE DEJULIO, ) | |
| ) | Chapter 11 |
| Debtors ) | |
| ) | |
| ) | Honorable Judge Donald R. Cassling |
| ) | |

### NOTICE OF MOTION

TO:   See Attached Service List

PLEASE TAKE NOTICE that on May 21, 2013 at 9:30 a.m., the undersigned will appear before the Honorable Judge Donald R. Cassling at the Everett McKinley Dirksen United States Courthouse, located at 219 S. Dearborn Street, Room 619, Chicago, Illinois and will then and there present the attached MOTION OF THE DEBTOR PURSUANT TO 11 U.S.C. SECTION 506(A) AND 1123(b)(5) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF 937 NORTH GRACE AVENUE, PARK RIDGE, ILLINOIS AND PNC BANK'S, N.A.'S SECURED CLAIM (SECOND MORTGAGE LIEN) AS $0.00, at which time you may appear if you so choose.

### Certificate of Service

I, Paul M. Bach, hereby certify that I caused a copy of this notice to be served, upon the above parties listed on the attached service list via the method stated on the attached service list and if via US First Class Mail, Postage Prepaid all on May 9, 2013 before the hour of 5:00 p.m.

BY:   S/PAUL M. BACH, OF COUNSEL
SULAIMAN LAW GROUP, LTD.
COUNSEL FOR DEBTOR(S)
900 JORIE BOULEVARD, SUITE 150
OAK BROOK, IL 60523
PHONE: (630) 575-8181
FAX: (630) 575-8188
ATTORNEY NO: 6209530

## Service List

| | |
|---|---|
| **Frank DeJulio**<br>**Connie DeJulio**<br>937 N. Grace Avenue<br>Park Ridge, IL 60068 | **BY FIRST CLASS US MAIL** |
| **Patrick S Layng**<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St<br>Room 873<br>Chicago, IL 60604 | **BY ECF ELECTRONIC DELIVERY** |
| **Astoria Federal Savings**<br>C/O Nisha B Parikh<br>Freedman, Anselmo, Lindberg<br>1771 W Diehl Road<br>Suite 120<br>Naperville, IL 60563 | **BY ECF ELECTRONIC DELIVERY** |
| **PNC Bank, N.A.**<br>C/O Andrew J Nelson<br>Pierce & Associates<br>1 North Dearborn St. Suite 1300<br>Chicago, IL 60660 | **BY ECF ELECTRONIC DELIVERY** |
| **Marcella Hamilton, Bankruptcy Specialist**<br>PNC Bank, N.A.<br>P.O. Box 94982<br>Cleveland, OH 44101 | **BY FIRST CLASS US MAIL** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

In Re:  )
 )  NO. 13 B 15457
FRANK DEJULIO and,  )
CONNIE DEJULIO,  )
 )  Chapter 11
        Debtors  )
 )
 )  Honorable Judge Donald R. Cassling
 )

### MOTION OF THE DEBTOR PURSUANT TO 11 U.S.C. SECTION 506(A) AND 1123(b)(5) AND BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF 937 NORTH GRACE AVENUE, PARK RIDGE, ILLINOIS AND PNC BANK'S, N.A.'S SECURED CLAIM (SECOND MORTGAGE LIEN) AS $0.00

NOW COMES the debtor, FRANK DEJULIO and CONNIE DEJULIO, by and through their attorney, by Paul M. Bach of Sulaiman Law Group, Ltd. and, pursuant to 11 U.S.C. § 506(a) and (d), 11 USC 1123(b)(5) and Federal Bankruptcy Rule 3012, moves this Honorable Court to determine that the fair market value of the real estate commonly known as 937 North Grace Avenue, Park Ridge, Illinois and that the court determine that any alleged lien of PNC Bank, N.A. be determined to not be secured and in support thereof state the following:

1. This is a motion brought by the Debtor pursuant to 11 U.S.C. Section 506(a) & (d), 1123(b)(5) and Rule 3012 of the Federal Rules of Bankruptcy Procedure to determine the value of the real estate commonly known as 937 N. Grace Avenue, Park Ridge, Illinois and to determine the amount of the allowed secured (none) of PNC Bank, N.A.

2. The debtor alleges that this is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

3. The debtor further alleges that this Court has both personal and subject matter jurisdiction to hear this motion pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

4. The underlying Chapter 11 bankruptcy case was commenced by the filing of a voluntary petition with the Clerk of this Court on April 12, 2013.

5. PNC Bank, N.A. is, upon information and belief, an entity engaged in the business of lending in the State of Illinois.

6. Frank DeJulio and Connie DeJulio are the owners of real estate (hereinafter called "the real estate") commonly known as 937 North Grace Avenue, Park Ridge, Illinois and legally described as follows:
PARCEL 1: LOT 14 IN BLOCK 1 IN GEORGE GAUNTLETT'S COUNTRY CLUB ADDITION TO PARK RIDGE, A SUBDIVISION IN SECTION 26, TOWNSHIP 41 NORTH, RANGE 12, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS;
PARCEL 2: THE NORTH 1/2 OF HTE VACATED ALLEY LYING SOUTH AND ADJOINING PARCEL 1.

PIN: 09-26-105-001-0000

7. The fair market value, at the time of filing of case number 13 B 15457, of the real estate was $375,000.00. See appraisal attached as an Exhibit.

8. The first mortgage lien is allegedly held by Astoria Federal Savings & Loan Association and any successor or assignee as a result of a mortgage recorded in the Cook County Recorder of Deeds Office as Document 0703820020 in the original amount of $535,000.00. Astoria Federal Savings & Loan Association filed a secured Proof of Claim (1-1) on April 29, 2013 in the amount of $48,916.14. This Motion is also an Objection to the alleged secured status claim in Proof of Claim 1-1.

9. The second mortgage lien was originally held by National City Bank as result of a mortgage recorded in the Cook County Recorder of Deeds Office as Document 0733204079. The second mortgage lien was allegedly transferred to PNC Bank, NA via merger.

10. Under Sections 506(a), 506(d), and 1123(b)(5) Defendant(s)'s junior mortgage would be an allowed secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not an allowed secured claim.

11. The amount owned on the first mortgage ($565,000.00) exceeds the value of the underlying property, $375,000.00.

12. Because the junior or second mortgage lien is held by PNC Bank, N.A. is wholly unsecured, it should not be allowed as a secured claim and the mortgage lien may be stripped off. In Re Mann, 249 B.R. 831, 840 (1st Cir BAP 2000); In Re Pond, 2001 U.S.App.Lexis 11287 (2nd Cir. 2001); In re McDonald, 205 F.2d 606 (3rd Cir 2000); Bartee vs. Tara Colony Homeowners Assoc, 212 F.3d 277 (5th Cir. 2000); In re Lam, 211 B.R. 36 (9th Cir BAP 1357); In Re Tanner, 217 F.3d 1357 (11th Cir).

WHEREFORE, FRANK DEJULIO and CONNIE DEJULIO, prays that this Honorable Court enter a Judgment against PNC Bank, N.A., and find that the alleged second mortgage lien of PNC Bank, N.A., is not secured, avoid the PNC, N.A., junior (second) mortgage recorded in the Cook County Recorder of Deeds as0733204079, and find that the junior mortgage of PNC Bank, N.A. is of no further legal effect and for any further relief that this court deems just and proper.

Respectively Submitted,

FRANK DEJULIO and CONNIE DEJULIO

By: /s/ Paul M. Bach

Mr. Paul M. Bach, Esq., Of Counsel
Sulaiman Law Group, Ltd.
Attorneys At Law
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
Phone (630) 575 - 8181