IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

_____

| | |
|---|---|
| In Re: | ) |
| | ) NO. 13 B 15457 |
| FRANK DEJULIO and, | ) |
| CONNIE DEJULIO, | ) |
| | ) Chapter 11 |
| Debtors | ) |
| | ) |
| | ) Honorable Judge Donald R. Cassling |
| | ) |

_____

PLAN OF REORGANIZATION
_____

FRANK DEJULIO and CONNIE DEJULIO, Debtors and Debtors-in-Possession in this Chapter 11 Case (hereinafter "the Debtors"), by and through their Attorneys, Paul M. Bach and Penelope N. Bach, Of Counsel with Sulaiman Law Group, Ltd. and proposes the following Plan of Reorganization (hereinafter called "Plan" or "the Plan") in accordance with Section 1121 (a) of the Bankruptcy Code.

This Plan is the Debtors' proposal for the payment of their creditors' claims as of the Date of Relief, April 12, 2013.

The Debtors, by this Plan, solicit the acceptances of all creditors whose claims are Impaired. The Debtors believe that acceptance of this Plan would be in the best interest of the Debtors' creditors. THE DEBTORS URGE ALL CREDITORS TO ACCEPT THIS PLAN.

PREAMBLE

The Debtors filed their voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code on April 12, 2013. The Debtors have operated their businesses (1)Smokey's BBQ, Inc.-Retail Food; (2)Windy City Stucco & Masonry; and (3) Rental Real Estate) and managed their financial affairs as Debtors-in-Possession since the inception of this reorganization case pursuant to Sections 1101 and 1107 of the Bankruptcy Code. No trustee, examiner or committee of unsecured creditors have been appointed to serve in this Chapter 11 case.

The Debtors are the proponents of this Plan as well as the Disbursing Agent. This Plan provides for distributions to the holders of allowed claims from the continued operation of their business of ((1)Smokey's BBQ, Inc.-Retail Food; (2)Windy City Stucco & Masonry; and (3) Rental Real Estate) and from employment.

In Summary, and as stated in detail below, the Debtors own four improved parcels of real estate (this Plan does not include the real estate owned by Cake, Inc. upon which Smokey's BBQ, Inc. operates).  All of Debtors' creditor claims relate to one of these four parcels of real estate.  The Debtors' Plan contains but is not limited to the following provisions:

1) The Debtors are modifying the mortgage ( by reducing the secured claim from $352,952.99 to $265,000.00) as to 7239 West Palatine, Chicago, Illinois;

2) The Debtors are modifying the mortgage (reducing the secured claim to (reducing the secured claim from $416,341.10 to $270,000.00) as to 391 Pinehurst Drive, Des Plaines, Illinois;

3) The Debtors will be making current mortgage payments and payments towards the arrears as to their residence located at 937 N. Grace Avenue, Park Ridge, Illinois 60068; and

    4)   The Debtors will be making current mortgage payments (no arrears) as to 7572 W. Devon Avenue, Chicago, Illinois 60631.

The Debtors previously obtained a Chapter 7 Bankruptcy Discharge in Case Number 12 B 44617.   As a result, the Debtors have no unsecured claims (priority and/or non priority) and the effect of Confirmation of this Plan of Reorganization is that the second mortgages as to 7239 West Palatine, Chicago, Illinois and 937 N. Grace Avenue, Park Ridge, Illinois no longer have liens and are stripped off and the amount owed on each of the first mortgages for 7239 West Palatine, Chicago, Illinois and 391 Pinehurst Drive, Des Plaines Illinois are reduced to the amount secured claim plus the interest provided for by this Plan of Reorganization.

For a complete discussion of the mechanics of this Plan, the reader's attention is directed to the Disclosure Statement filed by the Debtors in connection with this Plan.

## ARTICLE I DEFINITIONS

The following terms, when used herein, shall have the meaning specified below, unless the context otherwise requires:

1.1 <u>Administrative Expense</u>: A cost or expense of administration of this Chapter 11 case, including any actual and necessary expense of preserving or liquidating the estate, or of operating the business of the Debtors and all allowances approved by the Bankruptcy Court in accordance with applicable provisions of the Bankruptcy Code.

1.2 <u>Allowed Claim</u>: A claim is one or more of the following: (i) a proof of claim which is filed within the time fixed by the Bankruptcy Court or applicable rules or statutes, and with respect to which no objection has been timely filed by any party in interest, or (ii) that has been, or

hereafter is, listed by the Debtors as liquidated in amount and not disputed or contingent, or (iii) that has been allowed by Order of this Court, or (iv) that is allowed by the provisions of this Plan.

1.3 Allowed Interest: An "Interest" (as defined below) (i) proof of which has been filed within the time fixed by the Bankruptcy Rules or within the time fixed by the Bankruptcy Court; or (ii) that has been scheduled in the list of equity security holders prepared and filed with the Bankruptcy Court; and (iii) that has been allowed by Order of this Court, or (iv) that is allowed by the provisions of this Plan.

1.4 Bankruptcy Code: Title 11 of the United States Code, Section 101 et seq., as amended.

1.5 Bankruptcy Court: The United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

1.6 Bankruptcy Rules: The Federal Rules of Bankruptcy Procedure as prescribed by the Supreme Court of the United States.

1.7 Chapter 11: Chapter 11 of the Bankruptcy Code.

1.8 Claim: The term "Claim" shall have the meaning set forth in Section 101(5) of the Bankruptcy Code

1.9 Confirmation: The entry by the Bankruptcy Court of a Final Order confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

1.10 Debtors: FRANK DEJULIO and CONNIE DEJULIO

1.11 Debtors in Possession: FRANK DEJULIO and CONNIE DEJULIO,

1.12    Effective Date: Thirty (30) days following the entry of a Final Order confirming this Plan.

1.13    Final Order: (a) an order or a judgment that has not been reversed, stayed, modified or

amended, and as to which the time to appeal or seek reargument, reconsideration or rehearing has expired and has not been extended and as to which no appeal, petition for certiorari, reargument, reconsideration or rehearing is pending, or (ii) an order or a judgment for which an appeal, reargument, reconsideration, rehearing or certiorari has been sought, and as to which the order or judgment has been affirmed or the request for reargument, reconsideration, rehearing or certiorari has been denied, and the time to take any further appeal, reargument, reconsideration, rehearing or certiorari has expired, so that in the event of either (i) or (ii), such order or judgment shall have become final and non-appealable in accordance with applicable law.

1.14    Late Filed Claims: A claim for which the claimant filed a proof of claim after the deadline set by the Court for filing proofs of claim.

1.15    Month: A calendar month, including the month in which a date or event occurs.

1.16    Plan: This Plan of Reorganization including any amendments or modifications thereto.

1.17    Pro-rata: With respect to any distribution on account of any claim or matter, in the same proportion as the amount of such claim or matter bears to the aggregate amount of all claims or matters of its class.  Unless otherwise defined, the words and phrases used herein shall have the meanings ascribed in the Bankruptcy Code and in the Bankruptcy Rules.

ARTICLE II

CLASSIFICATION OF CLAIMS AND INTERESTS

2.1 Allowed Claims against and Allowed Interests in the Debtors in this estate shall be fixed and determined as of the Petition Date and are classified as follows:

Administrative Expenses

Class One - Unimpaired Secured Claim of Wells Fargo Bank, N.A. as to 7572 W. Devon Avenue, Chicago, Illinois.

Class Two - Impaired Secured Claim of Astoria Federal Savings & Loan Association as to 937 North Grace Avenue, Park Ridge, Illinois.

Class Three - Impaired Secured Claim of The Bank of New York Mellon et al. as to 7239 West Palatine, Chicago, Illinois.

Class Four - Impaired Secured Claim of PNC Bank as to 391 Pinehurst, Des Plaines, Illinois.

2.2 Resolution of Disputes: Disputes regarding the proper classification of Claims shall be resolved pursuant to the procedures established in the Bankruptcy Code, the Rules and other applicable laws. The Court shall have exclusive jurisdiction over disputes concerning the classification of claims. Resolution of any such disputes shall not be a condition precedent to Confirmation or Consummation of the Plan.

2.3 A Claim or Interest is classified in a particular Class only to extent that the Claim or Interest qualifies within the description of that Class.

2.4 Distributions of Disputed Claims: Payments and distributions to each holder of a Disputed Claim that ultimately becomes an Allowed Claim shall be made in accordance with the provisions of this Plan with respect to the Class of Creditors to which the respective holder of an allowed Claim belongs. Such payments and distributions shall be made as soon as practicable after the date that the order or judgment allowing such Claim is a Final Order.

## ARTICLE III

## TREATMENT OF CLAIMS AND INTERESTS

### 3.1 TREATMENT OF UNIMPAIRED CLAIMS

The following class(es) are unimpaired by the Plan in accordance with Section 1124 of the Bankruptcy Code or are not required to be classified in this Plan of Reorganization under provisions of the Bankruptcy Code

> **Administrative Expenses** These claimants represent claims arising post-petition. Any Administrative Expense that is an Allowed Claim shall be paid by the Reorganized Debtor, in full, in cash or as otherwise agreed. Payment of Professional Fees shall be subject to the provisions of Section 330(a) and 331 of the Bankruptcy Code or as otherwise provided by the Plan. United States Trustee and other bankruptcy fees shall be paid in full on or before the Effective Date or as they come due thereafter. The source of payment for these amounts will be the Debtors' income from operations and from employment. The Debtors expect Administrative Claims will be approximately $25,000.00 as of the Effective date.
>
> **CLASS 1-Secured Claim of Wells Fargo Bank, N.A. as to 7572 W. Devon Avenue, Chicago, Illinois**. Wells Fargo Bank, N.A. asserts in its Proof of Claim (Number 8) that it holds a perfected first mortgage on the real estate commonly known as 7572 W. Devon Avenue, Chicago, Illinois in the amount of $287,575.22. The fair market value of 7572 , Chicago, IL 60643 exceeds $287,575.22. Consequently, any alleged claim by Wells Fargo Bank, N.A. is a fully secured claim of $287,575.22. The secured claim is dealt with in this Class 1 and is not impaired. Commencing with the first payment due after the Petition Date, the Debtors shall make monthly mortgage payments to Wells Fargo Bank, N.A. directly in the amount of $2,733.68 in accordance with the terms of the underlying loan documents increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements.

### 3.2   TREATMENT OF IMPAIRED CLAIMS

The claims in the Classes listed below are impaired by the Plan:

### A. ALLOWED SECURED CLAIMS THAT ARE IMPAIRED

> Claimants together include each Allowed Secured Claim held by a Creditor that is secured by one or more of the Debtor's Assets and is not disputed, contingent or

unliquidated and allowed as of the effective date.  Each creditor shall be paid as stated in the detail under each claim.

CLASS TWO-Secured Claim of Astoria Federal Savings & Loan Association (hereinafter called "Astoria") Astoria Federal Savings & Loan Association asserts in its Proof of Claim Number 9 that it holds the perfected first mortgage on the real estate commonly known as 937 North Grace Avenue, Park Ridge, Illinois 60068 in the amount of $597,367.85.  Commencing with the first payment due after the Petition Date, the Debtors shall make monthly mortgage payments to Astoria directly in the amount of $2,671.79 in accordance with the terms of the underlying loan documents which shall be increased or decreased as necessary to reflect changes in variable interest rates and escrow requirements.  The default (arrears) in the amount of $71,301.30 that existed as to Class Two on the Petition date makes Astoria an impaired creditor, and this default will be paid by a payment monthly beginning the month following the effective date in the amount of $594.18 per month for one hundred and twenty months.

CLASS THREE-The Bank of New York Mellon FKA The Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A. as Trustee for the Bear Stearns ALT-A Trust Mortgage Pass Through Certificates, Series 2005-2 (hereinafter called "The Bank of New York Mellon") as to 7239 W. Palatine, Chicago, Illinois.  The Bank of New York Mellon asserts in its Proof of Claim (Number 4) that it holds a perfected first mortgage on the real estate commonly known as 7239 W. Palatine, Chicago, Illinois in the amount of $352,952.99. The Court has determined that the fair market value of 7239 W. Palatine, Chicago, Illinois is $265,000.00. Consequently, any alleged claim by The Bank of New York Mellon Bank is a secured claim (any unsecured claim was discharged in Case 12 B 44617) of $265,000.00. The secured claim of The Bank of New York Mellon Bank in the amount of $265,000.00 plus 5.25 percent interest shall be paid as follows:

The secured claim of The Bank of New York Mellon in the amount of $265,000.00 shall be combined, recast and restructured (the "The Bank of New York Mellon Bank Restructured Promissory Note"). The Bank of New York Mellon Bank Restructured Promissory Note shall be in the amount of $265,000.00 at the rate of 5.25% for thirty years.  The Debtors will pay The Bank of New York Mellon Bank in the amount of $1,463.64 per month payable on the 15th of the month until paid in full (thirty years) beginning the month following the effective date. The Bank of New York Mellon Bank Restructured Promissory Note may be prepaid without penalty. Once The Bank of New York Mellon Bank's secured claim has been paid, in full, The Bank of New York Mellon Bank shall cause the security interests to be released and any other loan documentation, to be cancelled and surrendered as satisfied. The Bank of New York Mellon Bank's secured claim is impaired under the Plan.

CLASS FOUR-PNC Bank, N.A. (hereinafter called "The Bank of New York Mellon") as to 391 Pinehurst Drive, Des Plaines, Illinois.   PNC Bank, N.A. asserts in

-8-

its Proof of Claim (Number 3) that it holds a perfected first mortgage on the real estate commonly known as 391 Pinehurst Drive, Des Plaines, Illinois in the amount of $416.341.10.   The Court has determined that the fair market value of 391 Pinehurst Drive, Des Plaines, Illinois is $270,000.00.  Consequently, any alleged claim by PNC Bank, N.A. is a secured claim (any unsecured claim was discharged in Case 12 B 44617) of $270,000.00.   The secured claim of PNC Bank, N.A. in the amount of $270,000.00 plus 5.0 percent interest shall be paid as follows:

The secured claim of PNC Bank in the amount of $270,000.00 shall be combined, recast and restructured (the "PNC Bank, N.A. Restructured Promissory Note"). The PNC Bank, N.A. Restructured Promissory Note shall be in the amount of $270,000.00 at the rate of 5.0% for thirty years.  The Debtors will pay PNC Bank, N.A in the amount of $1,449.42 per month payable on the 15th of the month until paid in full (thirty years) beginning the month following the effective date.  The PNC Bank, N.A Restructured Promissory Note may be prepaid without penalty. Once PNC Bank N.A.'s secured claim has been paid, in full, PNC Bank, N.A. shall cause the security interests to be released and any other loan documentation, to be cancelled and surrendered as satisfied. PNC Bank N.A.'s secured claim is impaired under the Plan.

## ARTICLE IV IMPLEMENTATION OF PLAN

4.1 All of the assets of the Debtors and this estate shall vest in the Debtors upon Confirmation of the Plan subject only to the terms and conditions of this Plan.

4.2 The Debtors shall be entitled to manage their affairs and operate their businesses without further Order of this Court.

4.3 Upon Confirmation, the Confirmed Plan shall become a binding agreement between the debtors and their creditors, superseding all pre-petition obligations of the Debtors to its Creditors. So long as Debtors act in accordance with the Plan terms, Creditors shall have no right of action (including but not limited to proceeding with a foreclosure sale and other State Court rights) against Debtors to pursue Debtors for payment and Creditors are enjoined and prohibited from taking such action.   Any such action by a Creditor violating this paragraph shall give the Debtors a Cause of Action against such Creditor for Damages which shall be determined just as Damages are computed and allowed for a Violation of the Automatic Stay/Discharge

Injunction/Confirmation Order.

4.4 This Plan is self-executing. The Debtors shall not be required to execute any newly created documents to evidence the claims, liens or terms of repayment to the holder of any Allowed Claim. Furthermore, upon the completion of the payments required under this Plan to the holders of Allowed Claims, such Claims and any liens that may support such Claims shall be deemed released and discharged.

4.5  There is no security for the debt to PNC Bank , N.A. (2nd Mortgage on 7239 West Palatine, Chicago, Illinois-See Docket 33-Proof of Claim 1) and  for purposes of this Chapter 11 case as to 7239 West Palatine, Chicago, Illinois.  Upon completion of payments to Class Two the mortgage lien of PNC Bank, N.A. is stripped off as a mortgage lien as to 7239 West Palatine, Chicago, Illinois and PNC Bank, N.A shall release the second mortgage as 7239 West Palatine, Chicago, Illinois.

4.6 There is no security for the debt to Bank of America, N.A. and/or U.S. Bank National Association, as Successor Trustee to LaSalle Bank, N.A. as Trustee for the Security Holders of the Green Point Mortgage Funding Trust 2005-HE3, An Asset Backed Note Series 2005-HE3 (2nd Mortgage on 937 N. Grace Avenue, Park Ridge, Illinois-See Docket 49-Proof of Claim 6) and for purposes of this Chapter 11 case as to 937 N. Grace Avenue, Park Ridge, Illinois.  Upon completion of payments to Class Two the mortgage lien of Bank of America, N.A. and/or U.S. Bank National Association, as Successor Trustee to LaSalle Bank, N.A. as Trustee for the Security Holders of the Green Point Mortgage Funding Trust 2005-HE3, An Asset Backed Note Series 2005-HE3 is stripped off as a mortgage lien as to 937 N. Grace Avenue, Park Ridge, Illinois and Bank of America, N.A. and/or U.S. Bank National Association, as Successor Trustee to LaSalle Bank, N.A. as Trustee for the Security Holders of the Green Point Mortgage Funding

Trust 2005-HE3, An Asset Backed Note Series 2005-HE3 shall release the second mortgage as to 937 N. Grace Avenue, Park Ridge, Illinois.

4.7 . The Debtors previously obtained a Chapter 7 Bankruptcy Discharge in Case Number 12 B 44617.  As a result, the Debtors have no unsecured claims (priority and non priority) and the effect of Confirmation of this Plan of Reorganization is that and the amount owed on the first mortgages on 7239 West Palatine, Chicago, Illinois and 391 Pinehurst Drive, Des Plaines Illinois is excess of the secured claim is reduced to the secured claim and any amounts above the secured claim cannot be collected.

4.8 Claims secured by a mortgage on real property of the debtors in which the Debtors were in Default at the time of filing of the Petition (Class One only), shall be treated as follows:

(a) *Prepetition defaults.* If the debtors pay the cure amount specified in this Plan, while timely making all required post petition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Postpetition defaults.* Within 30 days of issuing the final payment of any cure amount specified in this Plan, the Debtors shall serve upon the mortgagee a notice stating (1) that the cure amount has been paid, satisfying all prepetition mortgage obligations of the debtor, (2) that the mortgagee is required to treat the mortgage as reinstated and fully current unless the Debtors have failed to make timely payments of postpetition obligations, (3) that if the Debtors have failed to make timely payments of any postpetition obligations, the mortgagee is required to itemize all outstanding payment obligations as of the date of the notice, and file a statement of these obligations with the court, giving notice to the debtors, and any attorney for the debtors, within 60 days of service of the notice from the trustee (or such longer time as the court may

order), (4) that if the mortgagee fails to file and serve a statement of outstanding obligations within the required time, the mortgagee is required to treat the mortgage as reinstated according to its original terms, fully current as of the date of the Debtors' notice, and (5) that if the mortgagee does serve a statement of outstanding obligations within the required time, the Debtors may (i) within 30 days of service of the statement, challenge the accuracy of the statement by motion filed with the court, on notice to the mortgagee, with the court resolving the challenge as a contested matter, or (ii) propose a modified plan to provide for payment of additional amounts that the Debtors acknowledges or the court determines to be due. To the extent that amounts set forth on a timely filed statement of outstanding obligations are not determined by the court to be invalid or are not paid by the Debtors through a modified plan, the right of the mortgagee to collect these amounts will be unaffected. No liability shall result from any non-willful failure of the debtors to serve the notice required by this subparagraph.

## ARTICLE V EXECUTORY CONTRACTS

5.1 All executory contracts and unexpired leases which exist between the Debtors and any other party, whether such executory contract be in writing or oral, which has not been previously assumed, assigned or rejected by the Debtors shall be deemed assumed by the Debtors as of the Confirmation of this Plan.

## ARTICLE VI

## COURT'S RETENTION OF JURISDICTION

6.1 The Bankruptcy Court shall retain jurisdiction after Confirmation to: (i) consider applications for fees and allowances for professional persons; (ii) supervise the implementation

of this Plan; (iii) consider objections to claims against the estate of the Debtors and to modify the Plan based on the outcome of objections; (iv) hear and conclude all adversary proceedings or contested matters; (v) resolve disputes regarding interpretation of this Plan; (vi) fix expenses of administration; (vii) enter Orders to further consummation of the Plan; (viii) approve modification of the Plan upon motions brought before the Bankruptcy Court; (ix) consider all applications and matters pending before the Bankruptcy Court on the date of Confirmation; (x) hear and conclude any adversary proceedings and other matters relating or giving rise to litigation recoveries (xi) enter any order, including injunctions, necessary to enforce title, rights and powers of the Debtors, and to impose such limitations, restrictions, terms and conditions of such title, rights and powers as the Bankruptcy Court may deem necessary; and (xii) enter an Order concluding and terminating this Chapter 11 case.

## ARTICLE VII

## CONFIRMATION OF PLAN UNDER SECTION 1129(b) OF THE BANKRUPTCY CODE

7.1 The Debtors reserve the right, pursuant to Section 1129(b) of the Bankruptcy Code, to request the Bankruptcy Court to confirm the Plan if all applicable requirements of Section 1129 (a) of the Bankruptcy Code, other than Section 1129(a) (8), are met.

## ARTICLE VIII

## UNCLAIMED PROPERTY

8.1 In the event that any distribution made by the Debtors under this Plan remains unclaimed ninety (90) days after such distribution is made, this distribution will become property of the Debtors and shall not be recouped in subsequent distributions. After expiration of the

ninety (90) day period set forth herein, the claimant whose funds remain unclaimed shall forfeit any and all legal and equitable right to such distribution and the proceeds thereof.

## ARTICLE IX

### INVALIDATION OF LIENS AND DISCHARGE

9.1 The provisions of the confirmed Plan shall bind all creditors and other parties in interest, whether or not such persons accept the Plan. The distributions provided under the Plan shall be in exchange for and in complete satisfaction and release of all Claims against any of the assets or properties of the Debtors. Unless otherwise specifically provided to the contrary herein or in the Confirmation Order, on and after Confirmation, all holders of Claims shall be precluded from asserting any Claim against the Debtors.

## ARTICLE X

### INTEREST AND PENALTIES

10.1 Except as otherwise provided herein, or required by the Bankruptcy Code, no interest or penalties accruing on or after April 12, 2013, shall be paid on any Allowed Claim nor shall any creditor claiming any such interest or penalty be entitled to have its Claim for interest or penalty allowed for payment pursuant to the Plan.

## ARTICLE XI

### ALLOWANCE AND DISALLOWANCE OF CLAIMS

11.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been

filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated.

11.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

11.03 Settlement of Disputed Claims. The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE XII

## NO DISCHARGE

12.01. No Discharge. In accordance with § 1141(d)(3) of the Code, the Debtors will not receive any discharge of debt in this bankruptcy case.

                FRANK DEJULIO and CONNIE DEJULIO,

                By: /s/Paul M. Bach_____
                Paul M. Bach, one of their attorneys

DEBTORS' COUNSEL:
Paul M. Bach
Penelope N. Bach
Sulaiman Law Group, Ltd.
900 Jorie Blvd. Suite 150
Oak Brook, Illinois 60523
(630) 575 8181
(630) 575 8188