# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | NO. 13 B 15457 |
| FRANK DEJULIO and, ) | |
| CONNIE DEJULIO, ) | |
| ) | Chapter 11 |
| Debtors ) | |
| ) | |
| ) | Honorable Judge Donald R. Cassling |
| ) | |

## NOTICE OF MOTION

TO:   See Attached Service List

PLEASE TAKE NOTICE that on January 6, 2015 at 9:30 a.m., the undersigned will appear before the Honorable Judge Donald R. Cassling at the Everett McKinley Dirksen United States Courthouse, located at 219 S. Dearborn Street, Room 619, Chicago, Illinois and will then and there present the attached **MOTION TO ENFORCE CONFIRMATION ORDER AND FOR THE IMPOSITION OF SANCTIONS AGAINST SELENE FINANCE LP & DLJ MORTGAGE CAPITAL, INC. FOR THE INTENTIONAL DISREGARD OF THE CONFIRMED PLAN OF REORGANIZATION** at which time you may appear if you so choose.

### Certificate of Service

I, Paul M. Bach, hereby certify that I caused a copy of this notice to be served, upon the above parties listed on the attached service list via US First Class Mail, Postage Prepaid on December 17 , 2014 before the hour of 5:00 p.m. from the office located at 900 Jorie Blvd., Ste 150, Oak Brook, IL 60523.

BY:   S/PAUL M. BACH, OF COUNSEL
SULAIMAN LAW GROUP, LTD.
COUNSEL FOR DEBTOR(S)
900 JORIE BOULEVARD, SUITE 150
OAK BROOK, IL 60523
PHONE: (630) 575-8181
FAX: (630) 575-8188
ATTORNEY NO: 6609530

Service List

**Frank DeJulio**
**Connie DeJulio**
937 N. Grace Avenue
Park Ridge, IL 60068

**Patrick S Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604

**Astoria Federal Savings**
1 Corporate Dr Ste 360
Lake Zurich, IL 60047

**Cook County State's Attorney**
69 W. Washington, Suite 3200
Chicago, IL 60602

**Cook County Treasurer's Office**
118 North Clark Street, Room 112
Chicago, IL 60602

**Nisha B Parikh**
Freedman, Anselmo, Lindberg
1771 W Diehl Road
Suite 150
Naperville, IL 60563

**Illinois Department of Revenue**
Po Box 64338
Chicago, IL 60664-0338

**Internal Revenue Service**
Po Box 7346
Philadelphia, PA 19101-7346

**Toni Dillon**
**Andrew J Nelson**
Pierce & Associates
One North Dearborn, Suite 1300
Chicago, IL 60602

**Peter C Bastianen**
**Maria Georgopoulos**
Codilis and Associates
15W030 N. Frontage Rd.
Suite 100
Burr Ridge, IL 60527

**Terri M Long**
Law Office of Terri M. Long
2056 Ridge Road
Homewood, IL 60430

**Selene Finance LP**
C/O RA C T Corporation System
208 S. LaSalle Street Suite 814
Chicago, Illinois 60604

**Selene Finance LP**
9990 Richmond Avenue, #400 South
Houston, Texas 77042

**DLJ Mortgage Capital, Inc.**
C/O RA Illinois Corporation Service C
801 Adlai Stevenson Drive
Springfield, Illinois 62703

**Patrick A. Remmert, President**
DLJ Mortgage Capital, Inc.
11 Madison Avenue
New York, NY 10010

**Mary Kate Wynperle, Secretary**
DLJ Mortgage Capital, Inc.
11 Madison Avenue
New York, NY 10010

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLIONIS, EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | NO. 13 B 15457 |
| FRANK DEJULIO and, ) | |
| CONNIE DEJULIO, ) | |
| ) | Chapter 11 |
| Debtors ) | |
| ) | |
| ) | Honorable Judge Donald R. Cassling |
| ) | |

## MOTION TO ENFORCE CONFIRMATION ORDER AND FOR THE IMPOSITION OF SANCTIONS AGAINST SELENE FINANCE, LP & DLJ MORTGAGE CAPITAL, INC. FOR THE INTENTIONAL DISREGARD OF THE CONFIRMED CHAPTER 11 PLAN OF REORGANIZATION

NOW COMES the Reorganized Debtors, FRANK DEJULIO and CONNIE DEJULIO ("Reorganized Debtors"), by and through their attorneys Paul M. Bach and Penelope N. Bach, of Sulaiman Law Group, Ltd, and moves this Court pursuant to Sections 105, 524, 1141 and 1142 of the United States Bankruptcy Code that this Court enforce the confirmation order against Selene Finance LP and DLJ Mortgage Capital, Inc. and subject Selene Finance LP and DLJ Mortgage Capital, Inc. to sanctions (actual and punitive including attorney fees) and in support thereof represents to the Court as follows:

### JURISDICTION AND VENUE

1.   Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 157(a) and 1334 in that this proceeding arises and is related to the above-captioned Chapter 11 case under Title 11.

2.     This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event that this case is determined to be a non-core proceeding, the Debtors consent to the entry of a final order by the Bankruptcy Judge.

3.     Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1408, and 1409.

### PARTIES

4.     The Reorganized Debtors are natural persons residing at 937 North Grace Avenue, Park Ridge, Illinois 60068.

5.     Upon information and belief, at all times relevant to this action, Selene Finance, LP was a Delaware limited partnership ("Selene") engaged as a national mortgage servicer debt collection firm with a principal office located in Houston, Texas.

6.     Upon information and belief, at all times relevant to this action, DLJ Mortgage Capital Inc., is a New York corporation ("DLJ") engaged as owner of mortgages and debt collector with a principal office located in New York, New York.

7.     Upon information and belief, Selene and DLJ are the business of collecting mortgage debts in the state of Illinois.

### FACTS SUPPORTING CAUSE OF ACTION

8.     On April 12, 2013, the Reorganized Debtors filed a voluntary case under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") under Case Number 13 B 15457 ("the bankruptcy filing"). Additionally, prior to filing of the Chapter 11 case, the Reorganized Debtors had filed under Chapter 7 of the Bankruptcy Code as Case Number 12 B 44617 (November 9, 2012) and received a discharge (March 12, 2013).

9.     On or about December 15, 2006, Reorganized Debtors executed a Fixed/Adjustable Rate Note for the real property, commonly known as 937 North Grace Avenue, Park Ridge, Illinois (the "real estate"). The Note was titled "Fixed/Adjustable Rate Note and a copy of this document is an Exhibit to Exhibit D which is described below. The mortgage was titled as Mortgage and a copy of this document is an Exhibit to Exhibit D described below.

10.    This Fixed/Adjustable Rate Note and Mortgage were related to the real estate and the lender on the Fixed/Adjustable Rate Note was Astoria Federal Mortgage Corp. and the Mortgage was Astoria Federal Financial Corp.

11.    Astoria Federal Financial Corp. and/or Astoria Federal Mortgage Corporation prior to April 11, 2012 transferred and/or assigned the Fixed/Adjustable Rate Note and Mortgage to Astoria Federal Savings & Loan Association ("Astoria").

12.    The Reorganized Debtors defaulted on the Fixed/Adjustable Rate Note and foreclosure proceedings were commenced thereafter in the Circuit Court of Cook County, Illinois (Case Number 12 CH 11120 on March 28, 2012).

13.    Reorganized Debtors named Astoria as one of their creditors in the bankruptcy filing. *See* attached Exhibit A, a true and correct copy of Reorganized Debtors' Schedule D from their bankruptcy filing.

14.    On April 20, 2013, the Bankruptcy Noticing Center (BNC) served all creditors listed in Reorganized Debtors' bankruptcy petition, including but not limited to Astoria. *See* Exhibit B, a true and correct copy of the April 20, 2013 Notice of Bankruptcy Case, Meeting of Creditors & Deadlines.

15. On July 16, 2013, Astoria filed Proof of Claim 9 in Northern District of Illinois Case Number 13 B 15457 claiming a total amount due by the Debtor of $597,367.85 and arrears of $71,301.30. *See* Exhibit C a true and correct copy of Proof of Claim 9.

16. On August 20, 2013, the Reorganized Debtors filed a Chapter 11 Plan of Reorganization and a Disclosure Statement (Docket Entry 54 & 55). *See* Exhibit D, a true and correct copy of the Chapter 11 Plan and Disclosure Statement with attachments as served on Creditors as described below.

17. The Reorganized Debtors' Plan of Reorganization contained the following provisions in Section 3.3, Class Two:

**CLASS TWO-Secured Claim of Astoria Federal Savings & Loan Association (hereinafter called "Astoria")** Astoria Federal Savings & Loan Association asserts in its Proof of Claim Number 9 that it holds the perfected first mortgage on the real estate commonly known as 937 North Grace Avenue, Park Ridge, Illinois 60068 in the amount of $597,367.85. Commencing with the first payment due after the Petition Date, the Debtors shall make monthly mortgage payments to Astoria directly in the amount of $2,671.79 in accordance with the terms of the underlying loan documents which shall be increased or decreased as necessary to reflect changes in variable interest rates and escrow requirements. The default (arrears) in the amount of $71,301.30 that existed as to Class Two on the Petition date makes Astoria an impaired creditor, and this default will be paid by a payment monthly beginning the month following the effective date in the amount of $594.18 per month for one hundred and twenty months.

18. In essence, as to Astoria the Reorganized Debtors' Plan of Reorganization required post petition payments in the amount of $2,671.79 beginning in May, 2013 (which could be adjusted for escrow) and arrears payments of $594.18 per month beginning in January, 2014 (Plan of Reorganization was confirmed on December 3, 2013 as described below).

19. On September 18, 2013, the Reorganized Debtors served all creditors listed in Reorganized Debtors' Plan of Reorganization and Disclosure Statement, including but not limited to Astoria with a Notice of Hearing and a Copy of the Reorganized Debtors' Plan

of Reorganization and Disclosure Statement. *See* Exhibit E, a true and correct copy of the September 18, 2013 Notice of Hearing and Reorganized Debtors' Plan of Reorganization and Disclosure Statement with attachments (Docket Entry 59).

20. On September 27, 2013, Attorney, Nisha B. Parikh, filed an Objection to Confirmation on behalf of Astoria based on the length of the cure period in the Plan of Reorganization and Disclosure Statement. *See* Exhibit F, a true and correct copy of the September 28, 2013 Objection to Confirmation filed by Astoria (Docket Entry 61).

21. On October 22, 2014 the Court held a Hearing on the Adequacy of the Reorganized Debtors' Disclosure Statement. No party including Astoria Objection to Adequacy of the Disclosure Statement as a result the Court approved the Reorganized Debtors' Disclosure Statement. The Court thereafter set December 3, 2013 as the Confirmation date and set a Schedule for parties to Object to Confirmation. *See* Exhibit G, a true and correct copy of the October 22, 2013 Order approving the Reorganized Debtors' Disclosure Statement (Docket Entry 69).

22. On October 30, 2013 a First Plan Amendment was filed (Docket Entry 71) as to Class Four and on October 31, 2013 a Second Plan Amendment was filed (Docket Entry 72) as to Class Three. Neither Plan Amendment affected the treatment of Astoria in the Reorganized Debtors' Plan of Reorganization.

23. On October 31, 2013, the Reorganized Debtors filed a Certificate of Service of Class Two Ballots with attachments which was served on October 31, 2013. *See* Exhibit H, a true and correct copy of the Certificate of Service, Class 2 Ballot for Accepting or Rejecting Debtor's Plan of Reorganization et al. and the Reorganized Debtors' Plan and Disclosure Statement with attachments and Plan Amendments (Docket Entry 73).

24. On November 26, 2013, Attorney Nisha B. Parikh, filed a Class Two Ballot on behalf of Astoria which is voted in favor and accepted the Plan of Reorganization. Exhibit I, a true and correct copy of the Ballot of Astoria in favor of the Reorganized Debtors' Plan of Reorganization (Docket Entry 78).

25. On December 3, 2013, the Court held a Confirmation Hearing on the Reorganized Plan of Reorganization. At the Confirmation Hearing, Astoria withdrew its Objection to Confirmation. Thereafter, Judge Donald R. Cassling confirmed the Reorganized Debtor's Plan of Reorganization. The Court set December 19, 2013 as the Post Petition Status. *See* Exhibit J, a true and correct copy of the Order Confirming Plan (Docket Entry 84).

26. On December 19, 2013, the Court entered a Final Decree after the Reorganized Debtors consummated Payments under the Reorganized Debtors' Plan of Reorganization. The Court thereafter administratively closed the Bankruptcy Case. *See* Exhibit K, a true and correct copy of the Final Decree (Docket Entry 91).

27. The Reorganized Debtors made current payments in the amount of $2,577.27 to Astoria each and every month from May 2013 through and including September 2014. Each of these seventeen payments were made timely to Astoria and were accepted by Astoria.

28. The Reorganized Debtors made arrears payments of $594.18 to Astoria each and every month from January 2014 through and including September 2014. Each of these nine payment was timely made to Astoria and were accepted by Astoria.

29. On August 11, 2014, Astoria completed and sent to the Reorganized Debtors an annual Escrow Account Disclosure. The Escrow Account Disclosure indicated that the

payment for beginning November 1, 2014 would be $2,561.94 based on a principal and interest payment of $1,608.37 and an Escrow payment of $953.57. The Escrow Account Disclosure indicated that sufficient funds were being paid to pay the real estate taxes and insurance for the real estate. *See* Exhibit L, a true and correct copy of the Escrow Account Disclosure.

30. On August 29, 2014, DLJ Mortgage Capital, Inc. provided notice to the Reorganized Debtors that the Mortgage Loan for the real estate was sold from Astoria to DLJ. The Notification of Assignment, Sale or Transfer indicates that the Servicer was Dovenmuehle Mortgage, Inc. It should be noted that address for Devenmuehle and Astoria were identical. *See* Exhibit M, a true and correct copy of the Notification of Assignment, Sale or Transfer of Your Mortgage Loan.

31. Additionally, on August 29, 2014 Astoria provided notice to the Reorganized Debtors that the Mortgage Loan Servicing was being transferred from Astoria to Selene effective August 29, 2014. *See* Exhibit N, a true and correct copy of the Notice of Servicing Transfer.

32. On September 4, 2014, Selene sent a Validation of Debt Notice to the Reorganized Debtors when in fact the Reorganized Debtors were current with payments required by the Confirmed Plan. *See* Exhibit O, a true and correct copy of the Validation of Debt Notice.

33. On September 5, 2014, Selene sent a Letter regarding Foreclosure options to the Reorganized Debtors when in fact the Reorganized Debtors were current with payments required by the Confirmed Plan. *See* Exhibit P, a true and correct copy of the Letter regarding Foreclosure Options.

34. On September 11, 2014, Selene sent a Notice of Servicing Transfer Information to the Reorganized Debtors. *See* Exhibit Q, a true and correct copy of the Servicer Transfer Information.

35. On September 18, 2014, Selene sent a Statement which demanded that $70,602.41 be paid by 10/01/2014 and that "You are late on your Mortgage Payments. Failure to bring your loan current may result in fees and foreclosure - the loss of your home. Your loan has been past due since 2012-11-02. As of 09/18/2014 your are 718 days delinquent on your mortgage loan." The Statement was incorrect based on the Confirmed Plan. The Statement also indicated incorrectly that payments that had been made and accepted by Astoria had not been received or applied. *See* attached Exhibit R, a true and correct copy of the Statement from Selene dated September 18, 2014.

36. On October 8, 2014, Selene sent a Letter regarding Foreclosure options to the Reorganized Debtors when in fact the Reorganized Debtors were current with payments required by the Confirmed Plan. *See* Exhibit S, a true and correct copy of the Letter regarding Foreclosure Options.

37. On October 16, 2014, Selene sent a Statement which demanded that $73,164.35 be paid by 11/01/2014 and that "You are late on your Mortgage Payments. Failure to bring your loan current may result in fees and foreclosure - the loss of your home. Your loan has been past due since 2012-12-02. As of 10/16/2014 your are 715 days delinquent on your mortgage loan." The Statement was incorrect based on the Confirmed Plan. The Statement also indicated incorrectly that payments that had been made and accepted by Astoria had not been received or applied. *See* attached Exhibit T, a true and correct copy of the Statement from Selene dated October 16, 2014.

38. On November 17, 2014, Selene sent a Statement which demanded that $75,738.29 be paid by 12/01/2014 and that "You are late on your Mortgage Payments. Failure to bring your loan current may result in fees and foreclosure - the loss of your home. Your loan has been past due since 2012-12-02. As of 11/17/2014 your are 747 days delinquent on your mortgage loan." The Statement was incorrect based on the Confirmed Plan. The Statement also indicated incorrectly that payments that had been made and accepted by Astoria had not been received or applied. *See* attached Exhibit U, a true and correct copy of the Statement from Selene dated November 17, 2014.

39. The Reorganized Debtors made the current and arrears payment for October and November, 2014 to Selene who accepted these payments.

40. The Reorganized Debtors made the current and arrears payment for December, 2014 to Selene on December 1, 2014. Selene did not negotiate the December, 2014 payments under the confirmed plan and returned the payment to the Reorganized Debtors. *See* attached Exhibit U, a true and correct copy of the Letter from Selene dated December 11, 2014 returning the December, 2014 payments under the Confirmed Plan.

### THE PROBLEM AND THE REQUESTED RELIEF

41. Since the Mortgage Loan was transferred to DLJ and Selene starting to service the Mortgage Loan, Selene and DLJ have behaved as if the federal bankruptcy laws to do not apply to them. Selene on behalf of DLJ has attempted to collect and enforce the old pre-bankruptcy mortgage as if they had never been modified. Selene on behalf of DLJ has continued to bill the Reorganized Debtors for the pre petition amounts without making any change for the Reorganized being allowed to cure the arrears over ten years as allowed by the Confirmed Plan. This problem is enhanced as this is the Reorganized

Debtors' residence. This is additionally enhanced by the fact that Astoria hired a bankruptcy attorney negotiated and then voted in favor of the plan of reorganization. DLJ and Selene are bound by the confirmed plan just as Astoria as successor in interest. All notices to Astoria are imputed to DLJ and/or Selene.

42. The Reorganized Debtors respectfully ask this Court for the following:

    a. Entry of an Order consistent with 11 U.S.C 1142 compelling Selene and DLJ to realign and modify their loan files and computer records to bring the loan's economic characteristics in line with the modifications to the Mortgage Loan made by the confirmed plan;

    b. Entry of an order compelling Selene and DLJ to reimburse the Reorganized Debtors for actual (including attorney fees) and punitive damages incurred as a result of the actions of Selene and DLJs' failure to comply with the confirmed plan.

43. Judge Cox in *Castle Home Builders, Inc.* (BankcyN.D.Ill case number 11-19428 decided October 21, 2014) stated, "A confirmed chapter 11 plan of reorganization "binds the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor . . . ." See 11 U.S.C. § 1141(a). "Provided that adequate notice and due process are afford to affected parties . . . such orders bind the parties so affected until such time as the orders are altered or amended by the issuing court, overturned on appeal or otherwise abrogated." *In re Morrow*, 495 B.R. 378, 388 (Bankr. N.D. Ill. 2013). A creditor that fails to object to plan provisions during the confirmation process cannot later challenge its terms. *In re UAL, Corp.*, 635 F.3d. 312, 321 (7th Cir. 2011) (citing *First Union*

*Commercial Corp. v. Nelson, Mullins, Riley and Scarborough (In re Varat Enterprises, Inc.)* 81 F.3d 1310, 1317 (4th Cir. 1996)), "The confirmation order and discharge injunction are critical elements of the fresh start that is afforded to debtors in the Bankruptcy Code. It is essential that creditors respect these court orders and permit debtors to benefit from the rights and protections which they are entitled." *Turner v. Mellon Mortgage Co. (In re Turner)*, 221 B.R. 920, 924 (Bankr. M.D. Fla. 1998) (quoting *In re Thomas*, 184 B.R. 237 (Bankr. M.D. N.C. 1995)). "Courts have inherent and statutory powers to punish a party that fails to comply with the terms of their orders, and to coerce compliance with such orders." *Baldwin Piano, Inc. v. Deutsche Wurlitzer, GmbH, No.* 03 C 2105, 2004 WL 1323940, at *1 (N.D. Ill. June 15, 2004) (citing *United States v. Dowell*, 257 F.3d 694, 698 (7th Cir. 2001)). The Court is empowered by 11 U.S.C. § 105 to ensure compliance with the terms of its orders.

44. Besides Castle Home Builders cited above is not novel and other Seventh Circuit courts have entertained motions identical to the one at bar. Judge Goldgar, for example has adjudicated a motion to enforce a chapter 11 plan and for sanctions where "Wells Fargo Bank continued to bill [reorganized debtor] for the original payment amount [of a mortgage], continues to charge him the original interest rate, continues to assess late charges, and refuses to properly apply his payments to the debt." In re Frontzak, 2009 Bankr. Lexis 3817, page 4 (Bankr. N.D. Ill 2009)(finding that "[o]rdinarily Frontzak's argument would have merit "but for a failure to give notice issue.

45. A court "under proper circumstances," can consider awarding costs and attorney's fees for the deliberate attempt at enforcing a pre-petition debt in contravention of the terms of confirmed plan of reorganization. See e.g. Draggoo Elect. Co., 57 B.R. 916, 921

(Bankr. N.D. Ind. 1986)(analogizing such a collection action to an automatic stay violation). Also, Section 105 of the bankruptcy code confers both statutory and inherent authority on bankruptcy courts to impose sanctions in defense of the policy and principals underlying the Bankruptcy Code. *In Re Dental Profile, Inc.*, 446 B.R. 885, 906 (Bankr. N.D. Ill 2011).

46. Despite complying with 1129(a) of the Bankruptcy Code and gaining support for the Confirmed Plan and making the required plan payments, Reorganized Debtors' right to a reorganization is being trampled. The changes in the Mortgage Loan seek to enforce were not the result of any cram-down or involuntary lien stripping provision in the Confirmed Plan. Rather the changes were agreed to and negotiated. Selene and DLJ are in breach of a voluntary contact as well as a court-imposed one. Only this Court using its powers and authorities, is in a position to gain Selene and DLJs' attention and compel DLJ and Selene to follow the law and the terms of their own agreed plan treatment.

47. Bankruptcy laws apply to Selene and DLJ, not just to debtors such as the Reorganized Debtors.

WHEREFORE, Debtors FRANK DEJULIO and CONNIE DEJULIO, prays that an order be entered as follows:

A. Entry of an Order consistent with 11 U.S.C 1142 compelling Selene and DLJ to realign and modify their loan files and computer records to bring the loan's economic characteristics in line with the modifications to such loans made by the confirmed plan;

B. Entry of an order compelling Selene and DLJ to reimburse the Reorganized Debtors for actual (including attorney fees) and punitive damages incurred as a result of the actions of Selene and DLJ failure to comply with the confirmed plan.

C. For such other and further relief as this Court deems just and proper.

Respectively Submitted,

FRANK DEJULIO and CONNIE DEJULIO
By: /s/ Paul M. Bach

Mr. Paul M. Bach, Esq., Of Counsel
Sulaiman Law Group, Ltd.
Attorneys At Law
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
Phone (630) 575 - 8181